# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) | Case No. 5:11cr00022-5 |
| v. | ) ) ) | **AMENDED REPORT AND RECOMMENDATION** |
| **FARMAN ALI,** | ) ) |  |
| *Defendant* | ) ) ) | By: Hon. James G. Welsh U.S. States Magistrate Judge |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's informed and written consent, this case was previously referred to the undersigned for the purpose of conducting a plea hearing. A plea hearing was thereafter held on February 29, 2012. At which time, the defendant entered pleas of guilty to Indictment Counts One and Eighteen pursuant to a written plea agreement (docket # 126). A written Report and Recommendation (docket # 133) was subsequently filed, to which an agreed Statement of Facts (docket # 128) was incorporated by reference. Although no objection or exception was filed, by order (docket # 139) entered April 5, 2012, the presiding district judge took notice of several discrepancies, and the matter was re-referred to the undersigned to clarify these apparent discrepancies and to file an Amended Report and Recommendation.

Pursuant thereto, a supplemental plea hearing was held on May 14, 2012. The defendant was at all times present in person and with his counsel, David L. Parker. The United States was

1

represented by Ronald M. Huber, Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g), Federal Rules of Criminal Procedure. Also present was a properly qualified Punjabi language interpreter for the defendant. *See* Rule 28.

To clarify the record, after reviewing ¶ B.2. of the written Plea Agreement the following additional Finding of Fact is made:

> 10. The parties agree that the 2011 edition of the United States Sentencing Guidelines Manual applies to the two offenses (Counts One and Eighteen) for which the defendant has entered pleas of guilty and the parties further stipulate that guideline section 2E4.1(a)(1) and a base offense level of 16 (from the tax table in § 2T4.1 -- a tax loss of over $80,000 but less than $200,000) applies to the defendant's conduct.

To clarify the question of whether the above stipulation regarding the tax loss applied both to Counts One and Eighteen, the attorney for the government represented that it in fact applied to both, that for guideline calculus purposes the two offenses group together, and that the tax loss provision is controlling pursuant to § 2E4.1(a)(1). Counsel for the defendant concurred with this representation.

To correct the absence of facts sufficient to support the tax loss calculus, counsel for the government tendered a fully executed Amended Statement of Facts (docket # 148) containing an additional statement (the fourth full paragraph on page 2) outlining the tax loss basis and the calculation of loss in accordance with the New York cigarette tax rate. Before its submission and filing it was fully translated and read to the defendant.

The attorney for the government next noted that a typographical error in Count 18 of the Indictment incorrectly described the number of untaxed cigarettes involved in the offense to be 744,000, when in fact the total number was 74,400. On motion and without objection the Indictment was so amended.

The attorney for the government then noted a similar typographical error in the originally submitted statement of facts, where it described the total number of cigarettes attributable the defendant in Count One to be 114,960. The correct number is 1,149,600. In making this representation, counsel for the government pointed-out that this change represented no change in the number of cartons attributable to the defendant. Counsel for the defendant agreed that this was in fact the correct number of cigarettes in the alleged 5,748 cartons of untaxed cigarettes attributable to the defendant.

Counsel for the parties additionally represented and emphasized that these changes and corrections represented no substantive change either to the terms of the plea agreement or in the applicable sentencing guidelines.

With the express agreement of counsel, to the extent not inconsistent with this Amended Report and Recommendation the undersigned's original report and recommended disposition are incorporated herein by reference.

**NOTICE TO PARTIES**

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may

serve and file written objections to such proposed findings and recommendations as provided by the rules of court.  The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made.  The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned.  The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions.  **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Amended Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED:  16th day of May 2012.

                                                                         *s/ James G. Welsh*
                                                                           U.S. Magistrate Judge